IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KELVIN SMITH, ET AL.           §
                               §
            Plaintiffs,        §
                               §
VS.                            §      NO. 3-07-CV-1547-BD
                               §
FAMOUS FOOTWEAR, ET AL.        §
                               §
            Defendants.        §

## MEMORANDUM ORDER

Plaintiffs Kelvin Smith and Angelia Smith, appearing *pro se*, have filed a motion for leave to conduct discovery in this civil rights action. For the reasons stated herein, the motion is granted in part and denied in part.

In their complaint, plaintiffs accuse A.R. Machorro, an off-duty Dallas police officer who was working security at the Valley View Mall, of unlawful detention, malicious prosecution, use of excessive force, and race discrimination in violation of federal and state law.[1] Machorro denies the allegations and asserts the affirmative defenses of qualified and official immunity. On October 24, 2007, the court entered an initial scheduling order staying all discovery against Machorro pending the resolution of his immunity defenses. *See* Init. Sch. Order, 10/24/07 at 2, ¶2. However, the court indicated that plaintiffs would be allowed "to conduct limited discovery once Machorro files a dispositive motion seeking dismissal on the grounds of qualified immunity." *Id.* at 2, ¶ 2 n.1.

Machorro, through his attorney, filed a motion for summary judgment on November 29, 2007. The court did not require plaintiffs to file a response to the motion at that time. Instead,

---

[1] Plaintiffs originally filed suit in Texas state court. The case was properly removed to federal district court because plaintiffs' civil rights claims arise under federal law. *See* 28 U.S.C. §§ 1331 & 1343.

plaintiffs were invited to file a motion for leave to conduct discovery. *See* Order, 11/30/07 at 1-2. The court instructed plaintiffs that any such motion must include: (1) the specific interrogatories plaintiffs want to send to Machorro; (2) a list of the specific documents or categories of documents plaintiffs want to obtain from Machorro; and (3) an explanation of why this discovery is necessary to respond to the specific issues raised in the motion for summary judgment. *See id.* In a motion filed on December 19, 2007, plaintiffs seek leave to serve 27 interrogatories, 18 document requests, and 27 requests for admission on Machorro before responding to his summary judgment motion. Machorro has agreed to answer seven of the interrogatories, three of the document requests, and all of the requests for admission,[2] but otherwise objects to the discovery requested by plaintiffs.

The court initially observes that plaintiffs have failed to explain why any of the requested discovery is necessary to respond to the specific issues raised in Machorro's motion for summary judgment. Moreover, the number of interrogatories requested by plaintiffs exceed the limit allowed under the federal rules. *See* Fed. R. Civ. P. 33(a) (written interrogatories may not exceed 25 in number). Nevertheless, in the interest of justice, the court determines that Machorro should be required to answer Interrogatory Nos. 1, 2, 3, 4, 12, 16, 19, 20 & 27 and produce documents responsive to Request for Production Nos. 3, 6, 7, 11, 15 & 16. In addition, Machorro shall answer Interrogatory No. 17, but only as to liability insurance for the incident made the basis of this suit, and shall provide the court *in camera* with any documents relating to complaints made to or investigations conducted by the City of Dallas or Valley View Mall involving allegations of race discrimination against him. The information and documents sought by plaintiffs in these discovery requests are necessary to enable them to respond to Machorro's motion for summary judgment,

---

[2] Machorro does not object to: (1) Interrogatory Nos. 1, 2, 3, 16, 19, 20 & 27; (2) Request for Production Nos. 7, 15 & 16; or (3) Request for Admission Nos. 1-27.

including his defenses of qualified and official immunity. No other discovery will be permitted.

Accordingly, plaintiffs' motion for leave to conduct discovery [Doc. #28] is granted in part and denied in part. Machorro shall answer Interrogatory Nos. 1, 2, 3, 4, 12, 16, 19, 20 & 27, produce documents responsive to Request for Production Nos. 3, 6, 7, 11, 15 & 16, and admit or deny those matters specified in Request for Admission Nos. 1-27. In addition, Machorro shall answer Interrogatory No. 17, but only as to liability insurance for the incident made the basis of this suit, and shall provide the court *in camera* with any documents relating to complaints made to or investigations conducted by the City of Dallas or Valley View Mall involving allegations of race discrimination against him. Machorro shall serve full and complete answers to this discovery and produce responsive documents by **February 15, 2008.** In all other respects, plaintiffs' motion for leave to conduct discovery is denied.

Plaintiffs shall file a response to Machorro's motion for summary judgment, together with an appendix containing any supporting evidence, by **March 6, 2008.** Machorro may file a reply, but no additional evidence, by **March 21, 2008.** No supplemental pleadings, briefs, or summary judgment evidence will be allowed without leave of court. The court will rule on the summary judgment motion without hearing oral argument based on the written submissions of the parties. *See* N.D.Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held.").

SO ORDERED.

DATED: January 18, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE